2006 ND 249

In the Matter of the Application for DISCIPLINARY ACTION AGAINST David A. OVERBOE, a Member of the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,

v.

David A. Overboe, Respondent.

No. 20060301.

Supreme Court of North Dakota.

Dec. 4, 2006.

INTERIM SUSPENSION ORDERED.

PER CURIAM.

[¶ 1] On October 27, 2006, an Application for the Interim Suspension of David A. Overboe, a member of the Bar of North Dakota, with supporting documents, was filed under N.D.R. Lawyer Discipl. 3.4(A), Threat of Public Harm. Overboe was admitted to practice law on July 19, 1972, and is currently licensed to practice law in the courts of North Dakota.

[¶ 2] The Application asserts that Overboe was charged with sexual assault in violation of N.D.C.C. § 12.1–20–07(1)(a) (a class B misdemeanor) and two counts of hiring an individual to engage in sexual activity in violation of N.D.C.C. § 12.1–29–06 (a class B misdemeanor), *Cass Co. No. 06–K–3966,* relating to an incident in October, 2006, where Overboe had sexual contact with a female client and sought to exchange sexual favors for the payment of legal fees. Documents in support of the Application also suggest that Overboe has a pattern of after hour meetings with female clients, offering alcohol and making inappropriate comments to them, and having sexual contact with them, including the exchange of sex for the payment of legal bills.

[¶ 3] The Application and supporting documentation assert that sufficient information exists that Overboe has committed misconduct and poses a substantial threat of irreparable harm to the public.

[¶ 4] The Application further asserts Overboe has violated the following:

N.D.R. Prof. Conduct 1.7(a), Conflict of Interest: General Rule (a lawyer shall not represent a client if the lawyer's ability to consider, recommend, or carry out a

course of action on behalf of the client will be adversely affected by the lawyer's own interests);

N.D.R. Prof. Conduct 1.8(a), Conflict of Interest: Prohibited Transactions (except for standard commercial transactions involving products or services that a client generally markets to others, a lawyer shall not enter into a business or financial transaction with a client unless the criteria of the rule are met);

N.D.R. Prof. Conduct 1.8(j), Conflict of Interest: Prohibited (a lawyer shall not have sexual relations with a client unless a consensual sexual relationship existed between them when the lawyer-client relationship commenced);

N.D.R. Prof. Conduct 8.4(a), Misconduct (it is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct);

N.D.R. Prof. Conduct 8.4(b), Misconduct and N.D.R. Lawyer Discipl. 1.2(A)(2), Grounds for Discipline (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's fitness as a lawyer);

N.D.R. Prof. Conduct 8.4(f), Misconduct and N.D.R. Lawyer Discipl. 1.2(A)(8), Grounds for Discipline (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice);

N.D.C.C. § 27–14–02(1) (a lawyer's admission to the bar may be suspended or revoked if the attorney has committed an offense determined by the supreme court to have a direct bearing upon a person's ability to serve the public as an attorney and counselor at law);

N.D.C.C. § 24–14–02(7) (a lawyer's admission to the bar may be suspended or revoked if the attorney has committed any other act which tends to bring reproach upon the legal profession); and

N.D.R. Prof. Conduct 1.5, Fees (a lawyer shall not make an agreement for, charge, or collect an unreasonable fee).

[¶ 5] Overboe filed a Response to the Application for Order of Interim Suspension on November 7, 2006, with supporting Affidavit. Overboe denies an attorney-client relationship existed with the victim of the alleged sexual assault and solicitation, and Overboe asserts his Fifth Amendment right under the United States Constitution. Overboe further resists the Application as premature and argues that insufficient evidence has been provided that Overboe presents a substantial threat or has caused irreparable harm. Overboe requests the Application be dismissed.

[¶ 6] Overboe requested an opportunity to be heard on the Application for Order of Interim Suspension under N.D.R. Lawyer Discipl. 3.4(B). The matter was heard on November 8, 2006, at 1:00 p.m. Subsequently, Disciplinary Counsel was directed to submit affidavits from the complaining witnesses he wishes the Court to consider by Monday, November 27, 2006. Overboe was given until Friday, December 1, 2006, to respond to any affidavits filed.

[¶ 7] On November 22, 2006, Disciplinary Counsel filed a supplemental information in support of the Application for Order of Interim Suspension. The supplemental information asserts that Overboe was charged with a subsequent attempted sexual assault in violation of N.D.C.C. §§ 12.1–06–01 and 12.1–20–07 (a class B misdemeanor) and disorderly conduct in violation of N.D.C.C. § 12.1–31–01 (a class B misdemeanor), *Cass Co. No. 06–K–4307*, relating to an incident where Overboe grabbed another female client and tried to kiss her.

[¶ 8] On November 22, 2006, Disciplinary Counsel filed an Affidavit describing an incident where Overboe sought to ex-

change legal fees for sexual favors, which was refused. Nearly four years later, Overboe billed this female client, including late charges, totaling approximately double the original fee. Disciplinary Counsel also filed an Affidavit describing events where Overboe made inappropriate comments to a female client and consistently tried to meet with her in his office after normal business hours.

[¶ 9] On November 24, 2006, Disciplinary Counsel filed an Affidavit describing events where Overboe offered a female client drinks, tried to meet with her after normal business hours, frequently called her at home to ask if her divorce was final and to ask her out for drinks.

[¶ 10] On November 27, 2006, Disciplinary Counsel filed several Affidavits describing different events with several female clients:

a) In events occurring in 1998 or 1999, Overboe offered to exchange legal fees for sexual favors with a female client. This client filed a Complaint with the Disciplinary Board, which resulted in an admonition to Overboe.

b) In events occurring approximately 14 years ago, Overboe made overtures to a female client by sending flowers and a purse full of silver coins with writing on them. On the day her case was completed, Overboe took this client to the Holiday Inn where sex was exchanged for his legal fee.

c) In events occurring in 1994, Overboe offered a female client alcohol, requested meeting after normal business hours, discussed different ways she could make payments on her bill, and offered her a trip to Las Vegas. Approximately four years after she stopped contact with Overboe, she received a judgment on her legal fees, including late charges. The late charges were removed from her bill after she mentioned these incidents.

d) In events occurring in 1999, Overboe met with a female client after normal business hours; when she arrived, Overboe was drinking and offered her alcohol. After this meeting, the client would not meet with Overboe alone. When she brought a friend, Overboe offered both of them alcohol. Overboe made several references about the cost of his legal services had he not agreed to do her case without a fee.

e) In events occurring from 1995 through 1996, a client's female secretary brought papers to Overboe. During one meeting, Overboe proceeded to unzip his pants and expose himself to her, and tried to have sex with her. After this meeting, Overboe called her many times, but never discussed the case. The client was billed for the personal phone calls Overboe made to the client's secretary.

f) In events occurring in January 2006 that correspond with the charges in the Information in *Cass Co. No. 06–K–4307*, Overboe met with a female client after normal business hours. Overboe offered her alcohol, and he appeared to be intoxicated. When the client was leaving, Overboe assisted her with her jacket, then grabbed her, pulled her toward him and tried to kiss her. He offered to work something out with her regarding his legal fee and offered her a trip to Cancun.

[¶ 11] On December 1, 2006, Overboe filed a Motion to Dismiss Application for Interim Suspension and brief in support. Overboe argues that the Application for Interim Suspension should be dismissed because Disciplinary Counsel has failed to provide a sufficient basis to grant the Application.

[¶ 12] Supplemental information and documentation filed in support of the Application reveal several incidents occurring over a long period of time where Overboe had a long-standing pattern of using his position as an attorney to exploit or to attempt to exploit female clients.

[¶ 13] The Court considered the matter and finds that sufficient evidence was submitted by Disciplinary Counsel to demonstrate misconduct and a substantial threat of irreparable harm to the public.

[¶ 14] **ORDERED,** David A. Overboe's license to practice law is SUSPENDED effective immediately, and until further order of this Court, pending final disposition of a disciplinary proceeding predicated upon the complaint.

[¶ 15] **FURTHER ORDERED,** David A. Overboe comply with N.D.R. Lawyer Discipl. 6.3.

[¶ 16] GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER, DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.